FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 3 - 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THEODOROS ZYGOURAS,

    Plaintiff,

-against-

BR CONSTRUCTION & STONE, INC.,
EVROS KAVAZIS AND STEFAN
BOLOZAN, *in their individual and
professional capacity*,

    Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
15-CV-3835 (CBA) (PK)

**AMON, United States District Judge:**

## BACKGROUND

On June 30, 2015, Plaintiff Theodoros Zygouras brought this wage and hours claim pursuant to the Fair Labor Standards Act ("FLSA"), alleging that he was not paid overtime as required by the FLSA and the New York Labor Law ("NYLL"), and also that he was not paid spread-of-hours pay as required by the NYLL. (See D.E. # 1 ("Compl."); D.E. dated 09/30/2016; D.E. # 32.) The parties commenced a two day bench trial on October 5, 2016. At the close of the first day of trial, the Court noted on the record its view that both parties had various weaknesses in their case, and instructed the parties to engage in "serious discussion . . . about settling this case." (10/5/2016 Trial Transcript ("Tr. Trans. at 149:10-11.) Thereafter, the parties informed that Court that they had reached a settlement, and the Court adjourned the trial and instructed the parties to submit their proposed settlement agreement for the Court's review pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (D.E. dated 10/05/2016.)

On December 27, 2016, the parties submitted their proposed settlement agreement along with Plaintiff's counsel's fairness letter. (D.E. # 40 ("Settlement"), 41 ("Fairness Letter").) In the settlement, Defendants agree to pay Zygouras $35,000—split $25,000 to Zygouras and $10,000 to

1

his counsel—in exchange for Zygouras' dismissal of the action. (Settlement ¶ 4.) The parties also agree to mutually release each other from any claims based upon any conduct relating to their employment relationship that had already taken place by the time of the settlement agreement. (Id. ¶ 5.) The settlement does not contain any confidentially or non-disparagement clauses, or otherwise limit Zygouras' ability to seek redress for any wrongs committed against him by Defendants that are unrelated to his employment with Defendants. (Id.; Fairness Letter at 3.)

## STANDARD OF REVIEW

Settlements dismissing FLSA claims with prejudice must be approved by the district court or the Department of Labor in order to take effect. Cheeks, 796 F.3d at 206. To determine whether an FLSA settlement is fair and reasonable, the court considers "the bona fides of the [parties'] dispute, including (1) the plaintiff's range of possible recovery; (2) the seriousness of the litigation risks faced by the parties; (3) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses that would be incurred if they proceeded with litigation; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) whether there is fraud or collusion." Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15-CV-6953, 2016 WL 6156199, at *1 (E.D.N.Y. Oct. 3, 2016), R&R adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016) (quoting Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Additionally, in Cheeks, the Second Circuit provided guidance as to the types of provisions that contravene the FLSA's remedial purpose of "prevent[ing] abuses by unscrupulous employers, and remedy[ing] the disparate bargaining power between employers and employees." Cheeks, 796 F.3d at 207. Such provisions include (1) "highly restrictive confidentiality provisions"; (2) "overbroad release[s] that would waive practically any possible claim against the defendants,

2

including unknown claim[s] and claims that have no relationship whatsoever to wage-and-hour issues"; and (3) "provision[s] that would set the fee for plaintiff's attorney . . . without adequate documentation." Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14-CV-2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (quoting Cheeks, 796 F.3d at 206) (internal quotation marks omitted).

## DISCUSSION

Courts generally recognize a "strong presumption in favor of finding a settlement fair," as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quotation omitted). Having sat through the first day of trial and having heard the parties' respective claims, the Court is familiar with the facts and circumstances of this case, as well as its various deficiencies. Accordingly, the Court finds the settlement to be fair and reasonable for the reasons set forth in Plaintiff's Fairness Letter, and after the Court's independent review of the various factors to be considered in evaluating FLSA settlements.

Defendants convincingly contested Zygouras' period of employment and whether some of the named defendants were even his employers, as well as the number of hours Zygouras worked per week. Defendants, too, utilized some troubling accounting practices for which they provided unpersuasive excuses. Indeed, as noted after the first day of the trial, this Court expressed its doubts about the strength of both sides' claims and advised the parties to discuss a settlement. Having elected to litigate the case and ultimately reaching a settlement only after the Court urged them to do so and in light of weaknesses in both parties' cases, there is no concern that the settlement was reached due to collusion or unequal bargaining power. The settlement is accordingly fair and reasonable under Wolinsky. Moreover, it does not undermine the FLSA's

3

remedial purposes, in that it does not contain a confidentiality provision and contains a mutual release limited to the existing conduct related to parties' employment relationship. Finally, the attorney's fees of $10,000 amount to less than the 33% fee that courts commonly award to counsel in wage and hour cases, and in any event is less than the lodestar amount incurred by counsel. See, e.g., Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG) (VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) (collecting cases and noting that a "one-third contingency fee is a commonly accepted fee in this Circuit").

## CONCLUSION

For these reasons, the parties' settlement agreement is approved.

SO ORDERED.

Dated: May 3, 2017
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge

4